**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRENT DAVID SEEVER,

           Petitioner,

                                                     CIVIL CASE NO. 05-CV-72079-DT
v.                                            HONORABLE AVERN COHN

SUSAN DAVIS,

           Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Brent David Seever ("Petitioner") is a state prisoner currently confined at the Huron Valley Men's Facility in Ypsilanti, Michigan. Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2002 and was sentenced to life imprisonment without the possibility of parole and a consecutive term of two years imprisonment on these convictions.

In his pleadings, Petitioner raises claims concerning the legality of his arrest, the voluntariness of his police statement, a violation of his right to counsel, pre-trial publicity, prosecutorial misconduct, the jury instructions, the failure to admit psychological evidence, the accuracy of sentencing information, and the sufficiency of the evidence. For the reasons set forth below, the Court dismisses the petition without prejudice.

## II. Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right challenging the sufficiency of the evidence and the admission of his police statement on the basis of perceived violations of his Fourth Amendment (illegal arrest) and Fifth Amendment (denial of counsel) rights. The Michigan Court of Appeals affirmed his convictions and sentence. *People v. Seever*, No. 245615, 2004 WL 1335812 (Mich. Ct. App. June 15, 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Seever*, 472 Mich. 877 (2005).

Petitioner filed the instant petition on May 25, 2005.

## III. Analysis

### A.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding in the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies.

2

Petitioner admits that he did not raise his involuntary statement, pre-trial publicity, prosecutorial misconduct, jury instruction, psychological evidence, and sentencing information claims in the state courts. He raises them for the first time on habeas review. Thus, Petitioner has failed to fully exhaust his state court remedies as to six of his nine habeas issues.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, _ U.S. _, 125 S. Ct. 1528, 1534-35 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the

failure to exhaust state court remedies before proceeding in federal court. *Id.* at 1535.

**B.**

In this case, Petitioner has available avenues for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue these claims in the Michigan appellate courts. Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period does not begun to until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about June 27, 2005, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). Petitioner has also not shown good cause for failing to raise the unexhausted issues in the state courts before proceeding in this court. Petitioner's unexhausted claims concern matters of federal law which may warrant further review. These claims should therefore be addressed to, and considered by, the state courts in the first instance.

**IV. Conclusion**

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the petition is **DISMISSES WITHOUT PREJUDICE**.

The Court makes no determination as to the merits of Petitioner's claims. Should Petitioner wish to proceed only on his exhausted claims and withdraw his unexhausted claims, he may move to re-open this case and proceed on the exhausted claims within 30 days of the date of this order.

**SO ORDERED**.


Dated: June 1, 2005

   s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 1, 2005, by electronic and/or ordinary mail.

   s/Julie Owens  
Case Manager, (313) 234-5160